MARIE U. DIXEY, Respondent, v. HENRY E. DIXEY, Appellant.

Second Department, April 8, 1921.

**Tenants in common — evidence showing tenancy between husband and wife — writing effective as between parties though not acknowledged for recording — consideration — ejectment — equitable defense — cotenant who has not been ousted or rights denied cannot maintain.**

The existence between a husband and wife of the relation of tenancy in common in a house is shown where it appears that the husband gave the wife $4,000 in money to purchase a residence; that title was taken in her name; that both shared in the household expenses but the wife met most of the mortgage and tax payments, and that thereafter, on an informal accounting between them, the husband gave the wife a writing stating that he owed her $3,000, and the wife gave to the husband a certificate over her signature certifying that the husband owned one-half interest in the property.

The writing as between the parties was effective without being acknowledged for recording.

The advances of money by the husband put the wife under a duty and such equity is a good consideration.

An equitable defense is good in ejectment.

Accordingly, an action of ejectment by the wife against the husband is not maintainable, since the wife was a tenant in common and she had not been ousted nor had her rights been denied.

APPEAL by the defendant, Henry E. Dixey, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Nassau on the 15th day of September, 1920, on the report of a referee appointed to hear and determine the whole issues, adjudging that plaintiff recover possession of the family residence in Plandome, with damages for withholding possession.

About five years ago defendant turned over to plaintiff $4,000 in cash to purchase a residence in Plandome, Nassau county, from which she made payments for the property. The title was taken in her name. Both shared in the household expenses, but plaintiff made most of the mortgage and tax payments. On November 7, 1917, after an informal accounting between them, two written instruments were interchanged. Mr. Dixey gave his wife an I. O. U. for $3,000, which is the basis of another suit (196 App. Div. 944). His wife gave him the following instrument over her signature: " This is to certify that Henry E. Dixey owns one half interest in the Plandome Property — and the furniture and pictures in the House. Nothing is to be done unless mutual agreed in writing."

In February, 1918, plaintiff left the house. They have since separated. On September 10, 1918, she began this ejectment suit in which she recovered the judgment now under review.

*George B. Stoddart,* for the appellant.

*John A. Thompson* [*George C. Franciscus* with him on the brief], for the respondent.

PUTNAM, J.:

This appeal turns on the effect of the certificate of the husband's half interest, which has not been withdrawn or

annulled. Instead of seeking to disaffirm it, she makes a point that this paper was a mark of her fairness and good will toward her husband. Thus she wrote: " I am willing to meet you more than half way. I showed that when I willingly gave you a paper, saying you owned half the house." This proves that the certificate was subscribed and delivered to attest and confirm the reality of defendant's half ownership. No third persons are involved. As between Mr. and Mrs. Dixey the paper was effective without being acknowledged for recording. (*Strough* v. *Wilder,* 119 N. Y. 530.) And apart from technicalities this recognition of defendant's interest finds support in the circumstances, that both were professional artists with independent incomes from the stage. When he gave her the admission of the $3,000 debt, she in turn granted this proof of joint ownership with mutual control; the two papers then are read together as parts of one transaction. There is no sound objection as to consideration. Advances of money in this manner put the recipient under a duty. Such equity becomes a good consideration. In the words of BULLER, J.: " Everything which is a ground for equity is a sufficient consideration." (*Hawkes* v. *Saunders,* Cowp. 289, 293.) Plaintiff candidly comes forward and does not really deny the half interest she thus attested. An equitable defense is good in ejectment. .(*Phillips* v. *Gorham,* 17 N. Y. 270.) Hence plaintiff stands as a tenant in common with defendant. She has not been ousted, nor have her rights been denied. Therefore, she cannot bring ejectment against her cotenant. (Code Civ. Proc. § 1515; *Gilman* v. *Gilman,* 111 N. Y. 265.)

I advise, therefore, that her judgment be reversed and the complaint dismissed, with costs.

Present — MILLS, RICH, PUTNAM, BLACKMAR and KELLY, JJ.

Judgment reversed and complaint unanimously dismissed, with costs.