THOMAS H. LISTER *vs.* MARGARET E. LISTER, *et al.*

MAY 27, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Equity. Laches. Equity Pleading.*

Equity will act only in favor of one who has been reasonably diligent and has not slept upon his rights. It is not necessary that the defence of laches should be made in an answer. If it appears at the hearing that the unreasonable and long continued delay of a complainant has brought about a change of circumstances to the prejudice of a respondent, the court will refuse its aid, and the court will take into consideration the effect of the complainant's negligence both in delay in commencing a suit and in its prosecution.

*(2) Powers. Construction.*

A power may be executed without referring to it if the act shows that the donee of the power had that in view but when a grantor has both an interest in and a power over the subject of the deed and in the deed makes no reference to the power the deed will be applied to the interest and not to the power.

BILL IN EQUITY. Heard on appeal of complainant. Decree modified in certain respects.

SWEETLAND, C. J. This is a bill in equity to set aside certain deeds of real estate made by the respondent Margaret E. Lister to the respondent Mary A. Lister, which deeds the complainant alleges were in disregard of his rights under the will of his father. The case was tried upon bill, answer, replication and proof before a justice of the Superior Court who made a decision and entered a final decree for the most part adverse to the claim of the complainant. The case is before us upon the complainant's appeal from the final decree.

The respondent Margaret E. Lister is the mother of the complainant, and the respondents Mary A. Lister and Hannah E. Armstrong are his sisters. The complainant's father, Jerry Lister, died in 1894, leaving a last will and testament which was duly probated. By the terms of the will he gives his real and personal estate to his wife, the respondent Margaret E. Lister, for her life with remainder to his three children, the complainant and the respondents Mary A. Lister and Hannah or Anna E. Lister who is now Hannah E. Armstrong. There is a further provision in the will empowering his wife to sell such portion of his estate as in her opinion is necessary "to supply the necessary wants" of his children.

At Jerry Lister's death there was one parcel of land in Johnston standing in his name upon the land records of that town. From the evidence it appears that he was also possessed of a farm standing in his own name and located partly in West Greenwich and partly in Exeter. At the time of the testator's death the respondent Margaret held the record title to three parcels of land located in Johnston. Complainant claims that as to these three parcels it was the fact, admitted by said Margaret and well known in the family, that the money with which they were purchased was furnished by the testator; that Margaret held title to them merely as trustee for the testator, and that the equitable title to the land was in him at the time of his death.

On July 8, 1897, Margaret E. Lister made to the respondent Mary A. Lister a quitclaim deed of all her "right, title, interest, property, claim and demand" in and to the farm in West Greenwich and Exeter. In this deed she described the farm by metes and bounds and also as "being the same premises conveyed to me by the last will and testament of my late husband Jerry Lister, deceased". On January 26, 1908, the respondent Margaret conveyed to the respondent Mary by warranty deed the three parcels of land in Johnston standing upon the record in the name of Margaret and also the lot of land in Johnston standing upon the record in the name of Jerry Lister at the time of his death. On November 19, 1908, Mary A. Lister conveyed to her sister and her sister's husband, the other respondent, a portion of the real estate in Johnston, which the mother Margaret had deeded to Mary.

In 1915 the complainant commenced this suit to set aside the deeds to Mary, and from Mary to Hannah and her husband, alleging that the same were made without consideration, and that the deeds from Margaret to Mary were not made and executed under the power given to his mother in the father's will. Although the complainant did not bring this bill until about seven years after the later transaction of which he complains, he waited a further period of nine years before pressing the suit to hearing. In the meantime his mother had died in 1923.

At the hearing in the Superior Court the justice at the conclusion of the complainant's evidence, and without hearing the respondents, decided that the complainant had failed to establish by full and convincing evidence that Jerry Lister at the time of his death held the equitable title to the three parcels of land in Johnston which stood in the name of Margaret, and so adjudged in the final decree. The justice, however, ordered Mary A. Lister to convey to the complainant by quitclaim deed an undivided one-third part of the lot in Johnston to which Jerry Lister had the record title at his death. The court further dismissed the bill as to the other land described therein.

The complainant testified at the hearing in the Superior Court to some facts tending to support his claim that the equitable title to the Johnston land remained in his father. The justice finds the complainant's testimony to be vague and not very reliable. There appears in the third paragraph of the respondents' answer somewhat of an implied admission that the conveyances to the daughter Mary were in execution of the power given to the mother as life tenant, and were not grants of land to which the mother had an absolute fee. We are of the opinion, however, in view of all the circumstances of the case that we should not disturb the finding of the justice in this respect. Equity will act only in favor of one who has been reasonably diligent and has not slept upon his rights. It is not necessary that the defense of laches should be made in an answer. If it appears at the hearing that the unreasonable and long continued delay of a complainant has brought about a change of circumstances, to the prejudice of a respondent, the court will refuse its aid. Although the later transaction from which the complainant seeks relief occurred in 1908, he did not bring this bill until 1915 and then failed to prosecute the suit until 1925, after the death of his mother, the most important witness for the defense. The attorney for the complainant urges that the objection of laches relates merely to delay in commencing a suit, and not to a subsequent delay in its prosecution. The court takes into consideration the effect of the complainant's negligence in either circumstance. In *Johnston* v. *Standard Mining Co.*, 148 U. S. 360, the court said: "It has been frequently held that the mere institution of a suit does not of itself relieve a person from the charge of laches, and that if he fail in the diligent prosecution of the action, the consequences are the same as though no action had been begun."

In respect to the farm in West Greenwich and Exeter it appears that the Superior Court overlooked the condition of the title upon the death of the mother Margaret. The exact state of the land records with reference to this farm

at the time of the death of Mr. Lister was not put in evidence at the hearing, but the complainant was permitted to testify that his father bought the farm, and to state circumstances from which he thought the title remained in his father until his father's death. The deed of the farm from the mother to Mary, which was an exhibit in the case, and upon which alone Mary bases her claim of sole ownership, recites that the farm was the same premises conveyed to the grantor by the last will and testament of her husband, Jerry Lister. In the absence of any contradictory evidence it must be found that the title to the farm remained in Mr. Lister until his death, and that Mrs. Lister had merely a life estate therein. In the quitclaim deed to Mary the grantor conveyed only her right, title and interest in the farm. Hence, upon the death of Mrs. Lister the farm passed to the three children as tenants in common of the remainder. The deed of the farm from the mother to Mary clearly was not an exercise of the power to sell contained in the will. The general rule is that a power may be executed without referring to it if the act shows that the donee of the power had that in view. When, however, a grantor has both an interest in and a power over the subject of the deed, and in the deed makes no reference to the power, the deed will be applied to the interest and not to the power. *Phillips* v. *Brown*, 16 R. I. 279. Since the respondent Mary is claiming the farm as her own, under the deed from her mother, and the decree of the Superior Court appears to sustain that contention, we think the complainant is entitled to a declaration in the final decree that he is the owner of an undivided one-third interest in the farm. Also the provision of the decree of the Superior Court requiring a quitclaim deed from Mary to the complainant of an undivided one-third interest in the single lot in Johnston is affirmed.

On Monday, June 7, 1926, the parties may present a form of decree in accordance with this opinion.

*Malcolm D. Champlin*, for complainant.

*Clifton I. Munroe*, for respondents.