BRITT and wife, Appellants, vs. BAUMAN, Respondent.

*September 11—October 8, 1929.*

For the appellants there was a brief by *Schubring, Ryan, Clarke & Petersen* of Madison, and oral argument by *William Ryan.*

For the respondent there was a brief by *Hill, Thomann & Beckwith* of Madison, and oral argument by *D. V. W. Beckwith.*

OWEN, J. The defendant failed to pay to the plaintiffs $175 interest due according to the terms of a land contract on the 15th day of September, 1928. The land contract provided that in case of the failure of the defendant to pay such interest the contract should, at the option of the plaintiffs, thenceforth be utterly void and all payments thereon forfeited.

On the 8th day of October, 1928, the plaintiffs caused to be served upon the defendant a notice of their election to declare such contract void by reason of the failure to pay such interest, and commenced this action of ejectment to recover possession of the premises. The answer alleged that the defendant was induced to enter into the contract by reason of certain misrepresentations made by the plaintiffs; that an action was pending in the circuit court for Dane county, brought by the defendant against the plaintiffs to recover damages by reason of such fraudulent representations; that the defendant had suffered damages in the sum of $3,000 by reason thereof, and that this was the reason why the interest had not been paid; that the defendant

claimed the right to offset such damages against the interest, and further alleged that "this defendant is ready, willing, and able to pay said interest if in law and in equity said interest is payable at this time from the defendant to the plaintiff, and if said interest money and the said damages claimed by this defendant for the fraud of the plaintiff in the purchase of said farm is not a proper offset to the amount due on said land contract set forth in plaintiff's complaint, and if the court should so decide, then this defendant is ready, willing, and able to pay said interest and interest on said interest for delay in payment, and hereby pays and tenders into court the said amount of interest together with interest thereon up to the date of filing this answer." The same facts with reference to fraud and misrepresentation were also set up in the answer as a counterclaim, a demurrer to which was sustained by the court.

An action of ejectment on the part of the plaintiffs was proper to recover possession of the land upon the default of the defendant. *Oconto Co. v. Bacon,* 181 Wis. 538, 195 N. W. 412. That equitable defenses may be set up in actions of ejectment has long since been recognized. *Prentiss v. Brewer,* 17 Wis. *635, p. 656. That in an action such as this the defendant may set up facts justifying relief from his forfeiture by a court of equity is also recognized in *Oconto Co. v. Bacon, supra.* Time is not of the essence of this contract (*Hall v. Delaplaine,* 5 Wis. 206), and we see no reason why upon a proper showing the defendant should not be relieved from his forfeiture, resulting from his failure to pay the interest due as above stated. *Raddatz v. Florence Inv. Co.* 147 Wis. 636, 133 N. W. 1100. However, before asking a court of equity to relieve him of that forfeiture he should himself do equity. By the express terms of the contract the interest was due at a specified date. He has not only failed to pay it, but he comes into court claiming a right to offset it against an alleged claim for damages. His claim

for damages, if any, does not modify or affect his solemn obligation to pay the interest when due. As long as that interest remains unpaid he is in default upon his contract, and its unqualified payment, together with interest on the delayed payment, as well as the costs of this action should be a condition precedent to relieving him from the forfeiture resulting from his default. It is true that he alleges a willingness to pay the interest if the damages claimed by him are not a proper offset. He states in his answer, "and if the court should so decide, then this defendant is ready, willing, and able to pay said interest and interest on said interest for delay in payment, and hereby pays and tenders into court the said amount of interest together with interest thereon up to the date of filing this answer." But he has not tendered the interest to the plaintiffs nor has he tendered it into court for their present use and benefit. Upon tender the plaintiffs may accept it and waive the forfeiture. One should not ask a court of equity for relief from a forfeiture until one has exhausted one's own efforts to that end.

Plaintiffs are entitled to the interest when due. By failure to make the payment when due defendant subjected himself to a forfeiture under the contract. He cannot relieve himself of that forfeiture by offsetting his claim for damages or by offering to pay the amount due at some time in the future. He has not exhausted his own efforts to secure relief from the forfeiture. The facts set forth in the answer did not justify relief from the forfeiture, and, consequently, stated no defense to the action. The demurrer to the answer should have been sustained.

*By the Court.*—Order reversed, and cause remanded with instructions to sustain the demurrer to the answer.