WILLIAM SIRAVO *vs.* HARRY D. WHITMAN *et al.*

OCTOBER 30, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

STEARNS, C. J. This is an action of trespass and ejectment to recover possession of certain land in Warwick formerly owned by the defendants and still in their possession. The plea is the general issue. Defendants claimed an appeal after decision was made in the district court. Jury trial was waived in the Superior Court; the decision was for plaintiff for possession and costs. The case is here on defendants' bill of exceptions.

The defendants' real estate was sold to Nicola Siravo at public auction, October 7, 1929, in exercise of the powers contained in a deed of mortgage given by defendants to one Dosithe Leclerc for default made in the condition of the mortgage. The deed, by direction of Nicola, was made to his wife, Mary Siravo, and recorded October 14, 1929. November 12, 1929, Mary Siravo and her husband sold this property to the plaintiff, William Siravo, a brother of Nicola, the conveyance being by warranty deed which was recorded November 14, 1929.

In defence evidence was offered by defendants that Nicola Siravo at their request bought the property with the under-

standing and agreement that he would hold it for defendants and reconvey it to them upon the payment to him of the purchase price and a reasonable amount for his services; that plaintiff knew of this agreement when he bought this property and hence was not a bona fide purchaser for value. Nicola denied that there was any such agreement.

The trial justice rejected this evidence on the ground that it was inadmissible in this action at law. The exception to this ruling is the single question raised by the bill of exceptions.

Defendants claim that the proffered evidence was a proper equitable defence and admissible under the general issue. C. 333, Sec. 22, G. L., 1923, provides that "In any action at law pending in the superior court the plaintiff or the defendant may plead any equitable defence, upon which an unconditional judgment can_be rendered for the party pleading the same: *Provided,* that if such case be brought from a district court, such equitable plea shall be filed as other pleas are required to be filed in cases brought from district ourts."

An equitable defence in an action at law is not admissible under the plea of the general issue; it must be set forth by a special plea; such a plea is treated as it would be in equity. *Upham* v. *Hamill,* 11 R. I. 565. Affirmative relief can not be given under such a plea in an action at law. *Hawkins* v. *Baker,* 14 R. I. 139; *Amer. Bldg. Loan and Investment Co.* v. *Booth et al,* 17 R. I. 736.

In the case at bar if it should finally appear that plaintiff in fact did hold the estate in trust for the benefit of defendants (as on the bill in equity in *Jenckes* v. *Cook,* 9 R. I. 520) an accounting would be necessary and repayment to plaintiff of his proper expenditures would be required before a conveyance to defendants would be decreed. As an unconditional judgment could not be rendered for defendants the equitable defence proffered could not properly be pleaded in an action at law. A court of equity only, has the power to decide the equitable claim of defendants.

The exception of defendants is overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*William B. Sweeney, Patrick P. Curran, Curran, Hart, Gainer & Carr*, for plaintiff.

*Charles H. Page*, for defendants.