DETMER H. DETMERS, Appellant, v. LENA RUSSELL, Appellee.

No. 40828.

JUNE 20, 1931.

F. W. Lohr, for. appellant.

Fred H. Free, for appellees.

FAVILLE, C. J.—In 1903 one Lohr was the owner of Lot 19 in Block 3, in St. Aubin Place, Fourth Filing, an addition to Sioux City. On June 2, 1903, Lohr deeded said premises to one Peter Detmers, who moved a house on said lot and lived there for a number of years. At the time that Detmers moved the

house upon said lot the said addition was largely vacant and lot lines were not clearly marked and ascertainable. It transpires that Detmers located the house on said Lot 19, but the same extended over the lot line upon Lot 20, a distance of approximately 5 feet at one end and 4 feet and 6 inches at the other. On June 29, 1923, Detmers sold said Lot 19 on written contract to the appellees. The purchase price of said premises was $1100, and payment was to be made under the contract in installments of $20 each on the first day of each month. The appellees took possession of said premises on or about the first day of July, 1923. In October, 1923, appellees had said lot surveyed by a surveyor, and then discovered definitely that the house on said lot projected across the line on Lot 20 as stated. In June, 1923, the appellees entered into a contract with Lohr, who was then the owner of said Lot 20, for the purchase of said lot. Appellees, however, defaulted in their payments under this contract and the same was forfeited by Lohr in December, 1923. On several occasions appellees were in default in payment of the installments due under their contract of purchase of Lot 19, and notice of forfeiture was served and appellees made the required payments thereafter. However, finally, appellees having failed to pay the installments due under the contract, notice of forfeiture was served and no attempt to comply with the contract having been made on the part of the appellees, on or about January 15, 1927, declaration of forfeiture under said contract was completed and due proof of service of such declaration was filed of record. It also appears that on or about November 14, 1924, Lohr, who was the original owner of Lot 20, conveyed the south 8 feet thereof to the said Peter. This deed, however, was not recorded, but was produced as evidence in the cause. On January 18, 1927, the said Peter conveyed said Lot 19 and the south 8 feet of Lot 20 (upon which the house rested in part) to his son, the appellant. Thereafter the appellant brought this action at law in ejectment, praying judgment for the immediate possession of said described real estate. The appellees filed an amended answer, in which they pleaded as an affirmative defense that they had purchased said Lot 19 from said Peter under said written contract, and alleged that they had made certain payments thereon and that they had improved said premises. Appellees alleged that after sign-

ing said contract they learned that said dwelling was only partially located upon said Lot 19 and refused to make further payments upon the contract of purchase. Appellees alleged that appellant purchased said premises at a time when appellees were in possession thereof and that appellant was charged with full notice of their rights. Appellees pleaded their right to rescind said contract, that the said Peter and the appellant were estopped to maintain the action in ejectment because of the inability to deliver the premises sold, and sought relief in equity by way of rescission of said contract of purchase and restoration of payments made and the value of the improvements. A reply was filed to the amended answer. The appellant filed a motion to strike the so-called "counterclaim" pleaded in appellees' answer on the ground that the same was not permissible under section 12230 of the Code. This motion was overruled.

I. Code section 12230 is as follows:

"Actions for the recovery of real property shall be by ordinary proceedings, and there shall be no joinder and no counterclaim therein, except of like proceedings, and as provided in this chapter."

The appellees contend that notwithstanding this provision of the statute, under our decisions they can plead an equitable defense to the appellant's action for possession of the real estate. It is true that in an action of this kind an equitable defense pleading facts that entitle a defendant in such an action to retain the possession of the premises in controversy can properly be pleaded. As bearing on the question, see, Warren v. Crew, 22 Iowa 315; Adams County v. Graves, 75 Iowa 642. But such is not the situation in the instant case. The appellees purchased Lot 19 under a written contract which by its terms expressly provided for forfeiture of said contract and all rights of the appellees thereunder for failure to make the payments required by the contract. This contract was duly and legally forfeited upon proper notice, in strict accordance with the terms and provisions of the statute and of the contract. Appellees do not plead any affirmative defense entitling them to the possession of the real estate in question after the forfeiture of said contract. In fact, they claim the right to rescind the contract, although the same had been duly forfeited, and they seek in this

action to recover judgment against the appellant herein, who was not a party to said original contract and who received none of the payments made by the appellees thereon.

It requires no extended argument to demonstrate that in this action the appellees were not entitled to recover personal judgment against the appellant, who is the grantee of the appellees' vendor, for the payments they had made under their contract to their vendor before their contract was forfeited. Appellant is not personally liable for said amount. What relief the appellees may have been entitled to against their vendor at the time of the forfeiture of their contract is not a question before us now. The contract was legally forfeited by the proper proceedings provided by the statute and under the terms of the contract itself. What redress the appellees may still have, if any, against their vendor, Peter, is also a question not involved in this case. Appellees make no tender of performance of the contract upon their part. The appellees are in no position to now seek to enforce rescission of their contract with the appellant's grantor, and this is especially so in view of the fact that said contract has been duly forfeited as provided by law.

The question to be determined in this kind of an action is the right to the possession of the premises in controversy. The appellant is the owner of the fee title to said premises. The appellees are in possession. The appellees have failed to allege or prove any right to the possession of said premises in any way superior to the appellant's right to said possession. In no event, under this record, is the appellant liable for a personal judgment against him for the payments that have been made by the appellees to his grantor, nor for the value of the improvements which the appellees made upon said premises while in possession thereof.

Upon the record as made, the court was in error in denying the appellant the relief prayed for by him, to wit, the possession of the real estate in controversy, and the court was likewise in error in awarding personal judgment in favor of the appellees and against the appellant for the amount that had been paid on appellees' contract with their vendor, and for the value of the improvements made upon said premises. We ex-

pressly reserve any pronouncement as to what rights, if any, the appellees may have in the premises.

The decree appealed from must be and it is—Reversed.

ALBERT, EVANS, KINDIG, MORLING, and GRIMM, JJ., concur.