JOHN F. SCOTT *et al. vs.* WILLIAM P. NOLAN, alias.

JANUARY 20, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a bill in equity brought by the surviving sons of Patrick Scott, deceased, late of Providence, against William P. Nolan, husband of a deceased daughter of said Patrick Scott, praying for the construction of the last will and testament of said Patrick Scott and for the entry of a declaratory decree setting forth the right, title and interest of complainants and respondent in certain real estate devised in said will. The case is here by certification under the provisions of General Laws 1923, Chapter 339, Section 35.

Patrick Scott died March 16, 1900. By his will, which was duly admitted to probate, all his property real and personal was devised and bequeathed to his wife, Catherine Scott, no mention being made of his three sons, one of whom died in 1916, or of his daughter, who subsequently married but died in 1923, survived by her husband—the respondent in this case. Issue had been born of this marriage but did not survive her.

Complainants are tenants in common of the real estate devised to their mother. Respondent claims a right by curtesy in the property on the ground that, as the testator in his will made no mention of his children, they took—by virtue of G. L. 1923, Ch. 298, Sec. 22—the same share they would have taken had testator died intestate, and that therefore the daughter, respondent's wife, was seized of an interest in the property which is now subject to respondent's right of curtesy.

The statute relied upon by respondent operates "when and only when the will cannot be supported by evidence showing that the testator meant what he said when he disposed of his property by will and omitted to provide for . . . his children." *Horton* v. *Horton*, 46 R. I. at 496. In the present case there is ample evidence that testator repeatedly told the children he had left everything to their mother, who would in turn look out for them. That all the children for many years subsequent to the probate of the will acquiesced in the provisions thereof and made no claim to the property constitutes another element corroborating the contention of

complainants that the children were purposely not mentioned.

Respondent urges the dismissal of the petition on the ground of laches. As complainants and their mother remained in peaceable possession of the property for many years, this contention is without merit and should not deprive complainants of their rights. In 21 C. J. p. 230, it is said: "As a rule one in peaceable possession of real estate under claim of right may rest in security until his title or possession is attacked, and the failure to appeal to equity during that period is no defense to a suit subsequently brought to establish, enforce or protect his right."

Our answer to the first question in the decree of certification is that Patrick Scott intentionally made no provision in his will for his children, and that the real estate in question passed to the devisee, his wife. As respondent could have no interest as tenant by curtesy in property of which his wife was never seized, this answer disposes of the second question.

On January 30, 1933, the parties may present to this court for approval a form of decree to be entered in the Superior Court in accordance with this opinion.

*McGovern & Slattery*, for complainants.
*James E. Brothers, Peter L. Cannon*, for respondent.