ROBERT E. BURNS *vs.* ISABELLA G. BURNS.

JUNE 13, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This bill in equity is brought to set aside a marriage agreement. After trial in the Superior Court final decree was entered dismissing the bill. The complainant claimed an appeal from this decree on the grounds that it was against the law and the weight of the evidence.

The bill was filed May 3, 1930. In addition to the prayer that the marriage agreement be terminated, the bill prays that a final decree entered June 21, 1929, in Equity No. 8402, brought by respondent against the complainant, be vacated. This latter cause was brought to enforce the provisions of the same marriage agreement which the complainant now seeks to terminate. In his answer Mr. Burns denied the existence of the marriage agreement. After trial, final decree was entered establishing the validity of the agreement, and Mr. Burns was enjoined from violating some of its provisions.

Mrs. Burns in her answer to the present bill pleaded that Mr. Burns was barred by the final decree entered in the other

cause and was estopped from seeking to prevent the enforcement of the terms of the marriage agreement and that the matter was *res judicata*. She further alleged that the present bill was in the nature of a bill of review and that complainant did not obtain leave of the court to file the bill as required by the practice in equity.

The trial court held that the bill was a supplemental bill in the nature of a bill of review and that it could not be filed without the consent of the court and that it should be supported by affidavits of newly discovered evidence. The court also considered the other issues raised by the pleadings and the testimony and held that complainant was not entitled to maintain his bill in its present form and ordered it dismissed.

We have examined the pleadings in both causes and find no error in the decree dismissing the bill. The validity of the marriage agreement was the principal issue in the first cause. Mr. Burns was required to make full, complete and true answers to the bill. Story's Equity Pleading, Sec. 846. He denied the existence of the marriage agreement. The facts he alleges in his present bill, as reasons for setting aside the agreement were known to him when he filed his answer to the former bill. Failing to allege all of his defenses then, it must be held that he waived them and is estopped from making them the basis of a new bill.

It is the settled practice that a bill in the nature of a bill of review cannot be filed without leave of the court nor without an affidavit showing that the new matter alleged could not be produced or used in the original cause. Story's Equity Pleading, 10th ed. Secs. 412, 414, 422. *Doyle, Petitioner,* 14 R. I. 55; *Rubber Co.* v. *Goodyear,* 9 Wall. 805.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Cooney & Cooney,* for complainant.

*Peter L. Cannon, Patrick P. Curran, Hoyt W. Lark, Curran, Hart, Gainer & Carr,* for respondent.