JOHN DI IORIO *vs.* WILLIAM H. CONSIDINE & CO., INC.

JUNE 20, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Hahn, JJ.

RATHBUN, J. This is a bill in equity to enjoin the respondents from selling complainant's real estate on an execution which has been levied thereon. The cause is here on complainant's appeal from a decree dismissing the bill.

The execution issued on a judgment obtained in a district court in an action of *scire facias.* The complainant contends that the district court had no jurisdiction to enter said judgment for the reason that the writ of *scire facias* was not served twenty days before the return-day thereof as required by statute. See *Kevorko* v. *Vaitkunas,* 54 R. I. 8 168 Atl. 910.

No entry of appearance being made for Di Iorio in the *scire facias* action, the judgment was obtained against him by default. Thereafter an attorney at law, representing Di Iorio, filed a motion to "rescind" said judgment and for a stay of execution. The execution was stayed but the motion to set aside the judgment was denied on the ground that, more than six months having elapsed after the entry thereof, the district court had lost control of the judgment. Thereafter Di Iorio brought in the Superior Court a bill in equity to enjoin this respondent from proceeding to sell complainant's real estate under said execution. The prayer for relief was based on an allegation that, notwithstanding the sheriff's return to the contrary, no service whatever was made upon Di Iorio. The Superior Court, after receiving evidence upon this issue, found that complainant had failed to sustain the burden of proof and entered a decree dismissing the bill. Upon appeal this court affirmed the decree. (See 167 Atl. 129.) The complainant then commenced a new bill—the one now before us—seeking the same relief as prayed for in the preceding bill and alleging, as ground for relief, that the judgment in the *scire facias* action was invalid by reason of the fact that, as we have above set forth, the writ in said action was not served the required length of time before the return-day thereof. The Superior Court dismissed the latter bill on two grounds: (1) that the question presented, that is—the question as to complainant's right to an injunction, was *res judicata*, and (2) that by filing the motion for relief in the district court a general appearance was entered for Di Iorio.

The rule is well settled that a litigant is not entitled to present his case piecemeal. As was said in *Werlein* v. *New Orleans*, 177 U. S. at p. 397, "a former judgment between the same parties (or their privies) upon the same cause of action as that stated in the second case constitutes an absolute bar to the prosecution of the second action, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other

admissible matter which might have been offered for that purpose." See *Ricci* v. *Matteodo*, 167 Atl. (R. I.) 125; *Burns* v. *Burns*, 53 R. I. 324; *Grubb* v. *Public Utilities Commission*, 281 U. S. 470.

The appeal is denied and dismissed; the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Frank H. Wildes*, for complainant.

*Raymond & Semple, Harold R. Semple*, for respondent.