### Susie Coates *vs.* Eva B. Coleman.

JANUARY 27, 1947.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill in equity to enjoin permanently the enforcement of a judgment at law rendered against the complainant in an action of trespass and ejectment, and also to establish a constructive trust for her benefit in certain real estate, situate in East Providence, in this state, which was involved in that action. After a hearing in the superior court on bill, answer and proof a decree granting the relief prayed for was entered by that court. From such decree respondent, on January 17, 1936, appealed and, on February 28, 1936, the cause and all the papers therein were certified to this court.

The appeal remained dormant here for over ten years un-

til April 4, 1946, when respondent filed a motion to assign
it for hearing to a day certain. Complainant objected to
such assignment and also filed a motion to dismiss the appeal
for lack of prosecution or, if such motion were denied, to
reopen the cause for the introduction of evidence in order
to show certain equities in her favor which had supervened
pending the appeal. We assigned the motion and the appeal
on the merits for hearing together and they were fully heard
on briefs and oral arguments on November 1, 1946.

The motion to dismiss the appeal must be denied. Neither
on the ground of laches nor on the ground of respondent's
lack of diligence in prosecuting her appeal can we dismiss
it after it has been duly docketed in this court. Such delay
as the respondent has been guilty of does not constitute
laches. She is not seeking relief in equity; she is merely re-
sisting the granting of it to the complainant. As one seeking
the aid of equity it was complainant's duty to prosecute the
same diligently to a final conclusion, if the respondent un-
reasonably delayed in assigning her appeal for hearing. That
the appeal has lain dormant in this court for over ten years
is as much complainant's as it is respondent's fault. If such
delay has resulted in prejudice to the complainant it is of
her own making.

Complainant, however, contends that in *Lister* v. *Lister,*
47 R. I. 366, this court held that laches is applicable not
only to delay in instituting a suit but also to delay in its
prosecution. We cannot see how this helps her in the cir-
cumstances of the case at bar. If anything, it is authority
against her, because there the court was speaking of the
duty of a complainant to be diligent not only in bringing
suit but also in prosecuting it to a conclusion. It was not
concerned with what was the duty, if any, of a respondent
to prosecute diligently an appeal. A complainant seeking
the aid of equity may well be obliged in some circumstances,
as in those of the *Lister* case, to prosecute his cause with
reasonable diligence. However, it does not necessarily fol-
low that the same obligation should rest upon an appellant

in the prosecution of an appeal, especially since an appellee, as well as an appellant, has the right to assign the appeal for hearing. In the case at bar the complainant, as appellee, neglected to avail herself of that right. Therefore her own neglect and not laches of the respondent is the cause of any harm that may come from the hearing and determination of the appeal at this late day.

Complainant further argues that this court has authority, aside from the doctrine of laches, to dismiss an appeal which has not been prosecuted with reasonable promptness. Such contention is not supported by any decision of this court and on principle it is without merit. In the absence of statute or perhaps a rule of court, this court is without authority to inquire into the reasons for delay in prosecuting an appeal in a particular case and to judicially determine that it should be dismissed because of such delay. We may, upon a proper showing, order an appellant to prosecute an appeal to a hearing on a day certain, or failing to do so have his appeal dismissed; but that is a power very different from the one that is urged upon us by the complainant here.

There is no statute and no rule of this court which confers upon us any such power. In a recent case we held that the superior court had no power to dismiss an action at law merely for lack of diligent prosecution. *Sayles* v. *McLaughlin*, 63 R. I. 271. In view of what we said in the opinion in that case on that precise point and of what we think is the applicability of much of that discussion on the point presented to us in the instant case, we see no need for more extended discussion of the point here. For the above reasons, complainant's motions to dismiss the appeal and to reopen the cause for the introduction of evidence are denied.

This brings us to consideration of respondent's appeal on its merits. Under that appeal she contends, among other things, that the cause of action alleged in complainant's bill is *res adjudicata* by virtue of the judgment which was rendered against the complainant in the trespass and ejectment action, which admittedly involved the same parties

and their rights to possession of the same real estate. From the record before us it appears that in that action respondent proved her title to the real estate in question as the sole heir of William Henry Brown, deceased, who was shown to be the holder of the legal title by virtue of a warranty deed to him dated September 3, 1891 and recorded October 25, 1893, and also of a quitclaim deed to him dated November 4, 1893 and recorded November 8, 1893.

Complainant's counsel in opening her defense to the jury in the trespass and ejectment case stated that he intended to show that complainant's mother, who was also, by Brown, mother of the respondent, was the beneficial owner of the real estate; that she died in possession thereof; that she devised the same to complainant; and that complainant was in undisturbed possession as such devisee. At that point he was stopped by the trial justice and admonished that he could not make such a defense under the plea of the general issue, which was the sole plea filed by the complainant to the respondent's declaration. Complainant had filed a motion for leave to file additional and special pleas which she apparently did not press. In any event no such pleas were filed, nor did she ask for further time in which to file a special plea under which she could have made the defense outlined in her counsel's opening. The trial went on thereafter to a directed verdict for the respondent, entry of judgment and issuance of an execution, before the complainant filed the instant bill in equity to enjoin permanently the enforcement of that judgment.

In her bill complainant alleged substantially the facts stated by her counsel in his opening to the jury in the action of trespass and ejectment, and in addition she alleged that William Henry Brown purchased the real estate in question with money given to him for that purpose by complainant's mother and that he took title to such real estate in his own name contrary to the instructions given to him by complainant's mother that he was to take title in her name. Complainant further alleged that her mother was illiterate

and that when informed about the deeds to Brown she complained about his taking the title in his own name; that her mother always claimed ownership of the real estate; that Brown deserted her mother in 1895; and that, thereafter, until her death in 1932, her mother remained in undisturbed possession of the real estate claiming it as her own.

At the hearing on the bill in the superior court the trial justice does not appear to have given much, if any, consideration to the contention that the issue raised by the bill was *res adjudicata.* He found, on the evidence, that the complainant, as devisee of her mother, was the beneficial owner of the real estate and that the respondent must be permanently enjoined from enforcing the judgment in her favor in the trespass and ejectment action.

At the hearing before us the complainant contended that *res adjudicata* did not apply, because the cause of action in the case at bar is different from that in the trespass and ejectment action. There, she argues, only the legal title to the real estate was involved, and here the equitable title is in issue. She further argued that since no equitable plea or defense was presented for consideration in the action at law, and, moreover, because such a plea could not be considered in trespass and ejectment, the judgment in that action could not be a bar to the instant suit. She also contended that even though such a plea could have been entertained in that action the title to the real estate could not have been decided therein, because that action was originally commenced in the district court of the seventh judicial district and under general laws 1938, chapter 496, §7, the original jurisdiction of such actions to try title is in the superior court.

We shall consider this latter contention first. That section reads as follows: "The superior court shall have original jurisdiction of all actions at law where title to real estate or some right or interest therein is in issue, except actions for possession of tenements let or held at will or by sufferance; and shall also have exclusive original jurisdic-

tion of all other actions at law in which the debt or damages laid in the writ shall exceed the sum of $1,000.00: *Provided,* that the plaintiff shall not recover costs unless he shall recover in such action not less than $1,000.00, or unless the action be an action of replevin, of ejectment, or other action in which the title to real estate or some right or interest therein is in question, or unless in the discretion of the court, on motion, costs be awarded."

If that section conferred upon the superior court *exclusive* original jurisdiction of actions at law in which the title to or some right or interest in real estate is in issue there would be some merit in complainant's contention, but it does not. It appears quite clear from a mere reading of the entire section that it confers on the superior court only original jurisdiction of a class of actions which, if the damages laid in the writ did not exceed $1000, would otherwise be, by virtue of G. L. 1938, chap. 500, §28, within the exclusive original jurisdiction of the district court. The following pertinent provisions of that section, it seems to us, make this obvious: "Every district court shall have exclusive original jurisdiction, except as provided in §32 and elsewhere in the statutes of this state, of all civil actions legally brought before it wherein the debt or damages laid in the writ do not exceed $1,000.00, and also over all actions properly brought within its district for possession of tenements or estates let, or held at will or by sufferance." There is, therefore, no merit in the contention of the complainant that respondent's action of trespass and ejectment, in order to try title, should have originated in the superior court.

The next contention of the complainant is that the cause of action in the trespass and ejectment case is not the same as that in the case at bar, because no equitable plea or defense was passed on therein and therefore the equitable title to the real estate in question could not be and was not determined in that action. More or less bound up with this contention is another to the effect that, in any event, an equitable plea could not properly be entertained in an action

of trespass and ejectment. These contentions raise the question whether G. L. 1938, chap. 520, §9, is broad enough to permit, in such an action, the filing of a special plea setting up an equitable title as a defense to the plaintiff's legal title. That section reads as follows: "In any action at law, pending in the superior court, the plaintiff or the defendant may plead any equitable defense, upon which an unconditional judgment can be rendered for the party pleading the same: *Provided*, that if such case be brought from a district court, such equitable plea shall be filed as other pleas are required to be filed in cases brought from district courts."

We are of the opinion that under that section an equitable defense substantially as alleged in the instant bill could have been properly pleaded, unless it appeared that the sustaining of such defense would not lead to an unconditional judgment in favor of the complainant. Complainant contends that such a judgment could not be rendered in trespass and ejectment, and she cites in support of her position *Siravo* v. *Whitman*, 51 R. I. 102. She argues that a judgment in her favor would have required an accounting, as it did in that case, and therefore it could not be unconditional. We cannot agree. In the circumstances of the case at bar there would be no necessity for an accounting as the only issue was the right to immediate possession. Being in possession of the premises a favorable verdict on complainant's plea setting up her equitable title would confirm her possession, as against the legal title of the respondent, and an unconditional judgment would follow. That is exactly the basic relief which she sought and obtained by her bill and the decree in equity.

The situation in the *Siravo* case was different. In the circumstances of that case a favorable verdict, on the equitable defense proffered, could not have resulted in an unconditional judgment, because such defense was that the purchaser of the legal title had agreed to reconvey to defendants the title upon their payment to him of the purchase price and a reasonable amount for his services. This court quite

properly said, in its opinion, that in those circumstances an unconditional judgment could not be rendered for the defendants. Incidentally, the only point actually decided in the *Siravo* case was that an equitable defense could not be presented under the general issue.

What the defendants in that case claimed they had a right to do, namely, introduce evidence in proof of an equitable defense under the general issue, the complainant here assumed that she had a right to do in the action of trespass and ejectment. Her counsel, in the trial of that action, undertook, in his opening statement, to outline such a defense to the jury, although he had failed to file any special plea. The trial justice quite properly stopped him from proceeding further on such a course. However, he did not rule that the defense, which counsel had stated to the jury, could not, if it had been properly pleaded, be shown at all.

Perhaps at this point we should take up a contention of the complainant, as stated in her brief, that the trial justice had denied her the right to file an equitable plea. The fact is clear from the record that it was not any ruling of the trial justice but inaction of complainant which left the defense unpresented. Her counsel testified on this matter in the equity suit as follows: ". . . . when the trespass and ejectment suit came up before Judge Carpenter, at the beginning of our defence, when I went to outline our case to the jury I set up what amounts to what is contained in our bill of complaint, and Judge Carpenter halted me. I think that is all I want to say." It is evident from such testimony that complainant did not present her equitable defense in that action, because she did not avail herself of the means which the law provided for making such defense. In other words, while her claim of equitable title was not passed upon in the action at law, it could have been had she properly presented it.

In such a case the law in this state is clear and well established. When the parties and the cause of action are the same a judgment rendered on the merits in a former pro-

ceeding is a finality as to every issue that might have been raised therein as well as to those that were actually raised and decided. *Randall* v. *Carpenter*, 25 R. I. 641. In a recent case applying the doctrine of *res adjudicata* to a decree against a respondent in the former proceeding we said: "A party defeated in one action cannot maintain a second action based on a ground which could properly have been, but was not, set forth and relied upon in the former action." *Wholey* v. *Columbian National Life Ins. Co.*, 69 R. I. 254, 262. In *Fraser* v. *Wright*, 54 R. I. 422, 423, it was said that a respondent "must set up every ground and circumstance on which he intends to rely as a defense, either entire or partial, and defenses not set up are deemed waived." And in *Burns* v. *Burns*, 53 R. I. 324, it was held that where respondent had knowledge of certain facts and failed to set them out as a defense in a former suit he was estopped from setting up the same facts as a complainant in a bill seeking relief in equity. We are not aware that the principle enunciated in those cases has ever been departed from by this court.

However, complainant raises a further question that though this may be the rule in other cases it cannot be so in trespass and ejectment, as, in that action, only the legal title to the real estate can be put in issue. As we said above, we entertain no doubt that, under a proper equitable plea, an equitable title can be shown in defense to an action of trespass and ejectment, provided that the judgment which may be rendered thereon in favor of the pleader is unconditional. At common law such a defense was not available in ejectment, 28 C. J. S. 892, §41, but under our statute permitting equitable defenses in actions at law that rule has been abrogated. In other jurisdictions where substantially similar liberality of pleading in actions at law has been provided by statute it has been held to apply to ejectment as well as other actions. *Naill* v. *Kirby*, 162 Ark. 140; *Osceola Fertilizer Co.* v. *Beville*, 86 Fla. 479; *Detmers* v. *Russell*, 212 Iowa 767; *Hynds* v. *Hynds*, 274 Mo. 123; *Dixey* v. *Dixey*,

196 App. Div. 352; *Britt* v. *Bauman,* 199 Wis. 514; *Verbeck* v. *Clymer,* 202 Cal. 557.

And in Michigan, even where such a defense cannot be made in ejectment, it has been held that a complainant in equity, who was a defendant in a former action of ejectment, was precluded from relief in equity. *Thompson* v. *Doore,* 269 Mich. 466. In that case, at page 472, the reason given by the court was that the complainant, as a defendant, "not being ignorant of his defense in the ejectment suit, and having failed to take any legal proceedings to arrest the ejectment action before judgment therein, is now denied the right to assert it in a new action three months after judgment rendered in the ejectment action and approximately 16 months after he had some knowledge of it." In holding that the plaintiff should have acted to arrest the action at law before judgment the court, at page 471, relied upon the rule that, "In order to set aside a judgment of law in equity, there must be ignorance of the defense when the judgment was rendered, diligence on the part of complainant, and the fact that adequate relief cannot be had at law."

That is a well-established principle. In *Hendrickson* v. *Hinckley,* 58 U. S. 443, the supreme court expressed it in the following language: "A court of equity does not interfere with judgments at law, unless the complainant has an equitable defense, of which he could not avail himself at law, because it did not amount to a legal defense, or had a good defense at law, which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents." In applying the rule it further said: "Courts of equity do not assist those whose condition is attributable only to want of due diligence, nor lend their aid to parties, who, having had a plain, adequate, and complete remedy at law, have purposely omitted to avail themselves of it."

This court has applied the rule in *Opie* v. *Clancy,* 27 R. I. 42, and there it was stated in this form: "It is a rule that applications for relief in equity against judgments at law

will be scrutinized closely, and that an injunction to prevent the enforcement of the same will not be granted except upon facts which show the clearest and strongest reasons for the interposition of chancery; that courts will not entertain a party seeking for relief against a judgment which has been rendered against him in a court of law in consequence of his default in regard to steps which he might successfully have taken in the court of law, unless some reason founded in fraud, surprise, or some adventitious circumstances beyond the control of the party be shown to excuse such default."

After careful consideration of all the facts in the cause at bar and the authorities applicable thereto, we are of the opinion that the above rule unquestionably governs this cause and that the superior court erred in denying respondent's defense of *res adjudicata*.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court with instructions to enter a decree denying and dismissing the bill of complaint.

OPINION

MARCH 5, 1947.

PER CURIAM. After our opinion was filed in the above-entitled cause the complainant, by leave of court, filed a motion for a reargument based on three grounds.

We have carefully considered each ground and find no merit in any of them. It would appear from the complainant's contention in support of each ground that she is dissatisfied with the reasons upon which we based our opinion and desires to argue further that the opinion is erroneous in certain particulars which were presented at the hearing before us either expressly or by necessary implication. Such contentions do not justify a reargument.

Complainant further objects to our interpretation of *Lister* v. *Lister*, 47 R. I. 366, and also contends that *Scott* v.

*Nolan,* 53 R. I. 89, is a precedent which governs the procedure in this cause. The latter case was not noticed by us in our opinion because it is not in point. It holds that one in peaceable possession of real estate may rest in security until his title or possession is attacked. In the instant case the complainant's peaceable possession was first attacked by respondent in her action of trespass and ejectment. Thereafter the obligation was upon complainant to defend her possession in such manner as the law permitted. As to the *Lister* case we can only say that we adhere to the interpretation of that case as given in our opinion and that complainant in her motion furnishes no good reason to depart from that interpretation.

Motion denied.