[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the court is a complaint for relief pursuant to the Uniform Declaratory Act, R.I.G.L. § 9-30-1 et. seq. Plaintiff, Joseph Albanese, (hereinafter plaintiff) is asking this court to award him full benefits under § 45-19-1. Jurisdiction in this Superior Court is pursuant to R.I.G.L. § 9-30-2.
On February 25, 1978, while on the job as a police officer for the Town of North Providence, the plaintiff suffered back and leg injuries. Plaintiff had been employed in this capacity for eleven years prior to the occurrence of said injury. When the town refused to compensate the plaintiff, he filed suit to recover. Joseph Albanese v. Town of No. Providence, C.A. 80-57. The parties, after negotiations at which all parties were represented by counsel, resolved the dispute by entering a consent decree. This decree, which was filed with the Superior Court on November 3, 1980, provided that the plaintiff was to receive compensatory damages of $12,001.44 and a disability pension amounting to 35% of salary and benefits for life. In addition, the plaintiff resigned as a member of the North Providence Police Department and paid for his own medical coverage until October 1985, when the town voluntarily assumed payment of said coverage.
In the instant action, the plaintiff is claiming, ten years later, that he is now entitled to his full salary and benefits for as long as his injuries disable him, as well as continuing reimbursement for medical expenses. The plaintiff claims that he is entitled to this relief because of a recent interpretation by the court of R.I.G.L. § 45-19-1, the statute which provides salary payment for fire fighters and police officers injured in the line of duty as well as medical expenses related to the injury.
The plaintiff is here seeking full compensation and continuing medical benefits in contravention of the consent decree which gives him only partial compensation. According to the agreed statement of facts, however, the town has already voluntarily assumed payment of medical benefits for the plaintiff. To support his claim, plaintiff relies on Brissettev. Potter.
In Brissette v. Potter, 560 A.2d 324 (R.I. 1989), the court held that the injured party is entitled to the full salary he would have received had he not been incapacitated. The plaintiff relies on Brissette v. Potter to support his request that this court grant declaratory judgment in his favor giving him the full relief he is seeking under § 45-19-1.
The plaintiff's reliance on Brissette, however, is misplaced. Unlike the plaintiff in the case at bar, the plaintiff in Brissette did not settle; instead he chose to litigate the issues before the court and was successful in being awarded full benefits by the court pursuant to the statute. The plaintiff also had the opportunity to bring suit at the time of the injury and did so, however, he settled the action with the opposing party, thereby terminating the dispute by entering the consent decree on November 3, 1980.
A consent decree is as conclusive of a party's rights as is a judgment on the merits which would have terminated the litigation between them. McGee v. Stone, 522 A.2d 211, 215 (R.I. 1987). A former judgment upon the same cause of action constitutes an absolute bar to the prosecution of the second action not only to every matter offered but as to any other admissible matter which might have been offered for that purpose. DiOrio v. Considine Co., Inc., 54 R.I. 361, 362, 173 A. 79 (1934).
The plaintiff further argues, however, that the issue presently before the court is distinguishable from the issue settled between the parties in the consent decree. The plaintiff claims that said decree merely concerns his disability from the date of injury, October 25, 1978, to November 3, 1980, the date the consent decree was filed. The plaintiff complains that he suffers from a continuing disability and, as such, is entitled to full benefits under § 45-19-1 for the period subsequent to November 3, 1980.
This court finds that this argument lacks merit. A former judgment between the same parties, upon the same facts and upon the same cause of action constitutes an absolute bar to the prosecution of the second action not only to every matter offered but as to any other admissible matter which might have been offered for that purpose. DiOrio at 362. Therefore, plaintiff's attempt to classify the issue as two distinct causes of action, immediate disability and continuing disability, must fail.
A litigant cannot present his case piecemeal. Id. A party defeated in one action cannot maintain a second action based on a ground which could properly have been, but was not, set forth and relied upon in the former action. Coates v. Coleman,72 R.I. 304, 313, 51 A.2d 81 (1947). The public has a right to expect that once a litigant has had a full opportunity to try his case, he will not be allowed to return to the courthouse and give it another try. Grenga v. National Surety Corp., 317 A.2d 433, 436 (R.I. 1974).
Here, the injury and resulting disability of the plaintiff are part of the same issue. That issue was resolved in the consent decree which acted as a judgment. Consequently, res judicata serves as an absolute bar to a second cause of action where there exists identity of the parties, issues and finality of judgment in the earlier action. In re Paul K. Sherman,565 A.2d 870, 872 (R.I. 1989). The court may not reconsider an issue which has already been adjudicated.
In viewing a judgment entered by consent, the decision cannot be opened, changed or set aside in the absence of fraud, mutual mistake or absence of consent. DeFusco v. Gurgio, 440 A.2d 727, 729 (R.I. 1982). The plaintiff has argued that his personal circumstances at the time the consent decree was executed were financially trying. Thus, he claims, he is not at fault for not initiating a costly court action to obtain the benefits to which he was entitled under § 45-19-1.
The plaintiff does not allege the presence of fraud in either the drafting or the signing of the consent decree, neither does he, or can he, allege mutual mistake or absence of consent because both parties were represented by counsel and were aware or should have been aware of the contents of the agreement. Consequently, the elements necessary to persuade the court to set aside the settlement are absent in this case.
Finally, the plaintiff argues that the consent decree was not meant to act as a waiver or release of his claim under § 45-19-1. Any party who receives the benefit of the performance of a contract will not be permitted to deny his obligations under it unless public interest requires. McGee at 215. Under the consent decree, the plaintiff received compensatory damages, partial salary, and limited medical coverage. Since the receipt of these items are beneficial to the plaintiff, he is estopped from avoiding his agreement with the defendant which states that all disputes between the parties are settled.
Whether or not to grant relief pursuant to the Declaratory Judgment Act is strictly within the discretion of the court. In this instance, this court will exercise its discretion to refrain from awarding said relief. The court finds as a fact that the consent decree entered in this case is an absolute bar to recovery by the plaintiff.
For this and other reasons hereinabove set forth, the plaintiff's request for declaratory judgment granting relief pursuant to § 45-19-1 is denied and judgment may enter for the defendant.
An order may enter, consistent with this decision.