UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 93-1011

WESTCOTT CONSTRUCTION CORP.,

Plaintiff, Appellant,

v.

FIREMEN'S FUND OF NEW JERSEY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Francis J. Boyle, U.S. District Judge]

Before

Torruella, Circuit Judge,

Oakes,*, Senior Circuit Judge,

and Cyr, Circuit Judge.

Peter Lawson Kennedy with whom Adler Pollock & Sheehan

Incorporated was on brief for appellant.

Shelia High King with whom Bert J. Capone, Michael P. Duffy and

Peabody & Arnold were on brief for appellee.

June 25, 1993

*Of the Second Circuit, sitting by designation.

OAKES, Senior Circuit Judge. Westcott

Construction Co. ("Westcott") appeals from an order of the

United States District Court for the District of Rhode

Island, Francis J. Boyle, Judge, denying Westcott's motion

for summary judgment and granting defendant Firemen's

Insurance ("Firemen's") cross-motion for summary judgment.

Westcott sought to enforce the terms of a performance bond

executed by Firemen's on behalf of Westcott's subcontractor,

Crouse Combustion Systems ("Crouse"), in which Westcott was

named as obligee. In particular, Westcott sought to be

indemnified for payments made to the City of Cranston, Rhode

Island ("Cranston"), for damages suffered by the town as a

result of Crouse's delays.

Westcott, Crouse and Cranston previously had

participated in lengthy arbitration proceedings in which the

arbitrators had established damages owed by Crouse to

Westcott and by Westcott to Cranston, as well as by Cranston

to Westcott. Westcott argues that the arbitrators were not

asked to consider Crouse's duty to indemnify and that,

therefore, this question is open to the courts to decide.

Westcott initially petitioned the arbitrators to reconsider

the award. After that request was denied, Westcott

unsucessfully sought to vacate or modify the award in the

Rhode Island state courts on the ground that the award

failed to consider Westcott's indemnification claim against

-2-
2

Crouse. Westcott then sought relief against Firemen's,

Crouse's surety on the performance bond, in the United

States District Court for the District of Rhode Island, and

after losing there, now seeks redress in this court. We

find Westcott's appeal clearly foreclosed by res judicata,

in fact so clearly that we award double costs on behalf of

Firemen's.

BACKGROUND

In November, 1981, Firemen's issued a performance

bond to subcontractor Crouse, with Westcott, the general

contractor, as obligee, for a wastewater treatment plant

being built for the city of Cranston, Rhode Island. When a

dispute arose over the project, Westcott, Crouse and

Cranston submitted their damage claims to arbitration. On

April 25, 1989, the arbitrators issued their findings and

award. After finding Crouse responsible for much of the

delay damages, the arbitrators awarded Cranston $314,000

from Westcott and awarded Westcott $384,000 from Crouse and

$117,600 from Cranston (for delays caused by the city).

Westcott filed a motion on May 10, 1989, requesting the

arbitrators to reconsider the award as it allegedly failed

to require Crouse to make good on its performance bond and

thus to indemnify Westcott for the $314,000 paid to

-3-
3

Cranston. The arbitrators denied Westcott's motion for

reconsideration and modification of their decision.

Westcott then sought to modify or vacate the award

in state court, arguing that the award had failed to pass

through the $314,000 in damages to Crouse. The Superior

Court's denial of Westcott's motion was affirmed by the

Rhode Island Supreme Court, Westcott Constr. Corp. v. City

of Cranston, 586 A.2d 542 (R.I. 1991) (per curiam), which

concluded that Westcott had submitted its claims for

additional damages to the arbitrators and therefore the

claim was not open to the court to decide.

Westcott then brought suit against Firemen's as

Crouse's surety in the District of Rhode Island. The claim

was dismissed. Westcott now appeals.

DISCUSSION

Westcott, on this appeal, requests us to award

indemnification damages against Firemen's, maintaining that

the question of indemnication was never considered by the

arbitrators or by the state courts. The district court

ruled against Westcott, finding this claim foreclosed by res

judicata. As the district court stated, "[i]t seems

abundantly clear to me that the Rhode Island Supreme Court

has already considered and decided the controversy." We

agree with the district court's assessment. That the Rhode

-4-
4

Island Supreme Court considered this issue is clear from the

language of the opinion. As that court noted, "Westcott

argues that the $1,000-per-day award to the city should have

been 'passed through' to Crouse and that, therefore, the

arbitrators' award is imperfect." Westcott Construction

Corp., 586 A.2d at 543. We fail to see how Westcott's state

court claim differs from its federal one. Indeed, it seems

clear that this issue was submitted to the arbitrators as

well. Westcott itself, in its motion to the arbitrators for

reconsideration and modification of their decision, admitted

that "[t]he parties agreed at the initial hearing on

September 5, 1986 that all matters between Cranston,

Westcott, Crouse and the other subcontractors would be

decided." As Firemen's notes, this statement demonstrates

that the arbitrators were to consider Westcott's claim

against Crouse.

Res Judicata bars Westcott's claim. See Coates v.

Coleman, 51 A.2d 81, 85 (1947). "[A] state court judgment

commands the same res judicata effects in federal court that

it would have in the court that entered it." 18 Charles A.

Wright, Arthur R. Miller & Edward H. Cooper, Federal

Practice and Procedure 4469, at 659-60 (1981). In Griffin

v. State of R.I., 760 F.2d 359 (1st Cir.) (applying Rhode

Island law), cert. denied, 474 U.S. 845 (1985), the First

Circuit explained that res judicata operates as an absolute

-5-
5

bar to the relitigation of the same cause of action between

parties (or their privies) and that a prior judgment

rendered on the merits is conclusive not only to the issues

which were determined but as to all matters which might have

been determined as well. Id. at 360; see also Corrado v.

Providence Redevelopment Agency, 320 A.2d 331, 332 (1973).

All the requirements for applying res judicata are

met in this case. As in Griffin, the appellant "contends

that the 'causes of action' in Rhode Island and federal

courts differed, and thus argues that res judicata does not

bar her federal court action." 760 F.2d at 360. And, as in

Griffin, "[a]n analysis of the cause of action here and in

the prior state proceedings clearly establishes that both

are essentially the same." Id. at 361. The federal case

involves the same subject matter and the same parties as did

the state case, and contests the same point: that the

arbitrators did not consider Westcott's indemnity claim

against Crouse.

Firemen's, as surety, is only liable to the extent

its principal, Crouse, is liable. See Rhode Island Hosp.

Trust Nat'l Bank v. Ohio Cas. Ins. Co., 789 F.2d 74, 77-79

(1st Cir. 1986). Firemen's benefits just as Crouse does

from the application of res judicata. Id. at 77. Thus,

Firemen's, as surety for Crouse, is not legally bound to pay

the $314,000 Westcott seeks.

-6-
6

This application of res judicata effects no

injustice. None of the grounds justifying departure from

the doctrine of res judicata are present in this case. See

Restatement (Second) of Judgments 20 (1982); 18 Charles A.

Wright, Arthur R. Miller & Edward H. Cooper, Federal

Practice and Procedure 4435-4447 (1981) (earlier judgment

entered without jurisdiction; improper venue; non-joinder or

misjoinder of parties; prematurity; failure to satisfy

condition precedent; and dismissal without prejudice).

After examining the history of this litigation and

Westcott's repeated presentation of the same issue, we find

it appropriate to assess a monetary penalty of double costs

against Westcott for a frivolous appeal. Fed. R. App. P.

38. Rule 38 provides that "[i]f a court of appeals shall

determine that an appeal is frivolous, it may award just

damages and single or double costs to the appellee." As

this Circuit stated in Natasha, Inc. v. Evita Marine

Charters, Inc., 763 F.2d 468, 471 (1st Cir. 1985), "[a]n

appeal is frivolous when the result is obvious, or the

arguments are 'wholly without merit.'" Id. at 472 (quoting

NLRB v. Catalina Yachts, 679 F.2d 180, 182 (9th Cir. 1982)

(citations omitted)). There are two reasons to assess a

penalty for frivolous appeals. First, such suits must be

deterred in order to ease the burden on the courts of

appeals and, second, in order to protect against "strike

-7-
7

suits" or appeals brought to delay paying damages. See

Natasha Inc., 763 F.2d at 471-72 (discussing policy reasons

for imposition of penalties by the court); cf. Bankers Trust

Co. v. Publicker Indus., Inc., 641 F.2d 1361 (2d Cir. 1981)

(awarding double costs and up to $10,000 damages against

client and counsel for frivolous appeal).

Westcott has engaged in repeated frivolous

appeals, requiring Firemen's to litigate the same claim in

different fora. Westcott's attempt to distinguish its state

court claims from those brought in the federal courts has no

merit as res judicata clearly foreclosed its claim. In

light of this determination, we award double costs to

Firemen's.

CONCLUSION

We affirm the district court's grant of summary

judgment to Firemen's on the grounds of res judicata and

award double costs.

-8-
8