**Julia Eliza GRIFFIN,**
**Plaintiff, Appellant,**

v.

**STATE OF RHODE ISLAND, et al.,**
**Defendants, Appellees.**

No. 84–1715.

United States Court of Appeals,
First Circuit.

Argued Feb. 4, 1985.

Decided April 16, 1985.

Norman L. Grant, Pawtucket, R.I., for appellant.

Charles C. McKinley, Providence, R.I., for appellees.

Before BREYER, ALDRICH and TOR-RUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

The sole issue here is whether principles of res judicata bar the plaintiff/appellant's federal court action. We believe that they do and thus affirm the district court's dismissal of the case.

Plaintiff/appellant Julia E. Griffin brought an action under 42 U.S.C. § 1983 attacking the condemnation of several parcels of her real estate by the state of Rhode Island. The state took the parcels, for which Griffin received compensation in

two sets of condemnation proceedings that took place in 1946 and in 1962.

In response to the 1946 condemnations, Griffin brought three separate actions in Rhode Island Superior Court for an assessment of damages against the state. In 1948 after extended negotiations the state agreed to pay Griffin $80,100 for her land, in exchange for a general release of all claims arising from the takings and the execution of a quit claim deed to the state. The state condemned a final parcel owned by the plaintiff in 1962.

More than ten years later, in 1973 and 1974, Griffin filed separate actions in the Rhode Island Superior Court attacking the condemnations. She alleged that these lacked a public purpose and that they had been unreasonable, arbitrary, capricious, and in bad faith, all in violation of the fifth and fourteenth amendments to the Constitution of the United States. She also alleged violations of state constitutional and statutory provisions. In addition, she asked that the statute pursuant to which her property was taken be declared unconstitutional under both the federal and state constitutions. Griffin further asked that she be revested with title to the properties, that the state be required to account for all income that had flowed from its ownership of the properties, and for damages. The actions were consolidated and thereafter, in 1979, a state superior court rendered a decision in favor of the state. Griffin appealed that decision to the state supreme court.

■ While that appeal was pending, she filed an action pursuant to 42 U.S.C. § 1983 in the United States District Court for Rhode Island raising the same federal constitutional issues that had been raised in her state complaints.[1] The district court deferred action pending the state supreme court's decision. The Rhode Island Supreme Court denied plaintiff's appeal in its entirety. *Griffin v. Bendick,* 463 A.2d 1340 (R.I.1983). Thereafter, the district court dismissed the complaint on res judicata grounds. This appeal followed.

■ It is hornbook law that the principles of res judicata apply in § 1983 actions. *See Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Isaac v. Schwartz,* 706 F.2d 15 (1st Cir.1983). In § 1983 actions, federal courts must give state court judgments the same res judicata effect as is prescribed by the state law wherein the action rises. *Migra v. Warren City School District,* 465 U.S. 75, ——, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984). In Rhode Island, the doctrine of res judicata operates as an absolute bar to the relitigation of the same cause of action between the same parties, when a final judgment has been rendered on the merits. *Corrado v. Providence Redevelopment Agency,* 113 R.I. 274, 320 A.2d 331, 332 (1974). Under this doctrine, a judgment rendered on the merits in the first case is conclusive not only as to the issues that were actually raised and determined, but also as to all matters that could have been raised and determined. *Perez v. Pawtuckett Redevelopment Agency,* 111 R.I. 327, 302 A.2d 785, 790 (1973). In order for res judicata to bar a cause of action in Rhode Island, there must be (1) identity of parties, (2) identity of issues, and (3) finality of judgment. *Hebert v. Ventetuolo,* 480 A.2d 403, 405 (R.I. 1984).

■ There is no dispute in this appeal concerning the identical nature of the parties and of the entry of a valid final judgment against appellant in the state courts. However, appellant contends that the "causes of action" in Rhode Island and federal courts differed, and thus argues that res judicata does not bar her federal

---

1. Griffin argues that the federal constitutional issues were not raised in the state proceedings, but rather were reserved under *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). The rule laid down in *England* is not applicable to this case. Section 1983 does not override state preclusion law by allowing plaintiffs to first proceed to judgment in state courts and then turn to federal courts for adjudication of federal claims. *See Migra v. Warren City School District Board of Education, infra* 465 U.S. at ——, 104 S.Ct. at 898. Thus plaintiff's argument re *England* is meritless.

court action. We disagree. An analysis of the cause of action here and in the prior state proceedings clearly establishes that both are essentially the same. Indeed, appellant has alleged no facts in the federal court which would differentiate the state and federal court actions. She has also alleged in each case the same relationship between the parties. Moreover, both the state and federal court actions involve the same subject matter, arise out of the same occurrences, and rest on the same common contention that the condemnations in question lacked a public purpose and, therefore, deprived Griffin of her property in violation of the guarantees established in the Constitution. *See Corrado v. Providence Redevelopment Agency, supra* 320 A.2d at 333. Accordingly, the issues appellant now seeks to raise in federal court were unquestionably raised, or could easily have been raised, in the proceedings that took place in the courts of Rhode Island.

Having lost there, appellant seeks to make § 1983 a vehicle for relitigating matters that were put before the consideration of state courts. This she may not do. By forcing plaintiffs to bring related claims as part of a single cause of action, res judicata prevents needless and duplicative litigation. 18 J. Moore, J. Lucas, T. Currier, *Moore's Federal Practice* § 0.410[2] (2d ed. 1983).

Public policy and orderly procedures dictate that all disputes come to an·end at some point after exhausting available remedies. With a record of litigation of these matters and issues dating back to 1946, it is clear that they have been litigated to exhaustion. It is time for a rest.

The judgment of the district court dismissing this case on grounds of res judicata is affirmed.

*Affirmed.*