**WESTCOTT CONSTRUCTION CORP.**

v.

**CITY OF CRANSTON et al.**

**No. 90–102–Appeal.**

Supreme Court of Rhode Island.

Feb. 21, 1991.

Peter L. Kennedy, Adler, Pollock & Sheehan, Providence, for plaintiff.

Michael G. Sarli, Gidley, Lovegreen & Sarli, Providence, Mark A. McSally, Cranston, Joseph A. Kelly, Carroll, Kelly & Murphy, Providence, for defendants.

OPINION

PER CURIAM.

This matter came before the Supreme Court on February 4, 1991, pursuant to an order directing the three parties, Westcott Construction Corp. (Westcott), Crouse Combustion System (Crouse), and the city of Cranston (city), to appear and show cause why the issues raised by this appeal should not be summarily decided. The plaintiff, Westcott, appeals from a Superior Court denial of its motion to vacate an arbitration award and the confirmation of that award in favor of the defendant, city.

Following a delay of almost one year on a construction project, Westcott submitted to arbitration its claim for additional expenses incurred during the delay. The city counterclaimed for liquidated damages. The arbitrators found that Crouse, Westcott's principal subcontractor, was responsible for the delay. They awarded Westcott $1,200 per day times 314 days from Crouse, but they also awarded the city $1,000 per day times 314 days from West-

cott. The trial justice confirmed the award and denied Westcott's motion to modify or vacate the award.

■ Westcott argues that the $1,000–per–day award to the city should have been "passed through" to Crouse and that, therefore, the arbitrators' award is imperfect. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, this court opines that the trial justice was correct in confirming the award.

■ It is well settled that our authority to overturn an arbitration award is limited to those situations in which there has been a manifest disregard of a contractual provision or a completely irrational result. *City of Pawtucket v. Pawtucket Lodge No. 4, F.O.P.*, 545 A.2d 499, 503 (R.I.1988). Such is not the case here. "[A]s long as the award draws its essence from the contract and is based upon a 'passably plausible' interpretation of the contract," we shall uphold it. *Id.* Although this award may not have been all that Westcott could have hoped for, the arbitrators were well within their authority to fashion it.

Therefore, it is the conclusion of this court that cause has not been shown. Westcott's appeal is summarily denied and dismissed, and the judgment of the Superior Court is affirmed.