**WESTCOTT CONSTRUCTION CORP.,**
Plaintiff, Appellant,

v.

**FIREMEN'S FUND OF NEW JERSEY,**
Defendant, Appellee.

No. 93–1011.

United States Court of Appeals,
First Circuit.

Heard May 5, 1993.

Decided June 25, 1993.

Peter Lawson Kennedy with whom Adler Pollock & Sheehan Incorporated, Providence, RI, was on brief, for plaintiff, appellant.

Shelia High King with whom Bert J. Capone, Michael P. Duffy and Peabody & Arnold, Boston, MA, were on brief, for defendant, appellee.

\* Of the Second Circuit, sitting by designation.

Before TORRUELLA, Circuit Judge, OAKES,\* Senior Circuit Judge, and CYR, Circuit Judge.

OAKES, Senior Circuit Judge.

Westcott Construction Co. ("Westcott") appeals from an order of the United States District Court for the District of Rhode Island, Francis J. Boyle, *Judge,* denying Westcott's motion for summary judgment and granting defendant Firemen's Insurance ("Firemen's") cross-motion for summary judgment. Westcott sought to enforce the terms of a performance bond executed by Firemen's on behalf of Westcott's subcontractor, Crouse Combustion Systems ("Crouse"), in which Westcott was named as obligee. In particular, Westcott sought to be indemnified for payments made to the City of Cranston, Rhode Island ("Cranston"), for damages suffered by the town as a result of Crouse's delays.

Westcott, Crouse and Cranston previously had participated in lengthy arbitration proceedings in which the arbitrators had established damages owed by Crouse to Westcott and by Westcott to Cranston, as well as by Cranston to Westcott. Westcott argues that the arbitrators were not asked to consider Crouse's duty to indemnify and that, therefore, this question is open to the courts to decide. Westcott initially petitioned the arbitrators to reconsider the award. After that request was denied, Westcott unsuccessfully sought to vacate or modify the award in the Rhode Island state courts on the ground that the award failed to consider Westcott's indemnification claim against Crouse. Westcott then sought relief against Firemen's, Crouse's surety on the performance bond, in the United States District Court for the District of Rhode Island, and after losing there, now seeks redress in this court. We find Westcott's appeal clearly foreclosed by res judicata, in fact so clearly that we award double costs on behalf of Firemen's.

## BACKGROUND

In November, 1981, Firemen's issued a performance bond to subcontractor Crouse,

with Westcott, the general contractor, as obligee, for a wastewater treatment plant being built for the city of Cranston, Rhode Island. When a dispute arose over the project, Westcott, Crouse and Cranston submitted their damage claims to arbitration. On April 25, 1989, the arbitrators issued their findings and award. After finding Crouse responsible for much of the delay damages, the arbitrators awarded Cranston $314,000 from Westcott and awarded Westcott $384,000 from Crouse and $117,600 from Cranston (for delays caused by the city). Westcott filed a motion on May 10, 1989, requesting the arbitrators to reconsider the award as it allegedly failed to require Crouse to make good on its performance bond and thus to indemnify Westcott for the $314,000 paid to Cranston. The arbitrators denied Westcott's motion for reconsideration and modification of their decision.

Westcott then sought to modify or vacate the award in state court, arguing that the award had failed to pass through the $314,000 in damages to Crouse. The Superior Court's denial of Westcott's motion was affirmed by the Rhode Island Supreme Court, *Westcott Constr. Corp. v. City of Cranston*, 586 A.2d 542 (R.I.1991) (per curiam), which concluded that Westcott had submitted its claims for additional damages to the arbitrators and therefore the claim was not open to the court to decide.

Westcott then brought suit against Firemen's as Crouse's surety in the District of Rhode Island. The claim was dismissed. Westcott now appeals.

### DISCUSSION

Westcott, on this appeal, requests us to award indemnification damages against Firemen's, maintaining that the question of indemnication was never considered by the arbitrators or by the state courts. The district court ruled against Westcott, finding this claim foreclosed by res judicata. As the district court stated, "[i]t seems abundantly clear to me that the Rhode Island Supreme Court has already considered and decided the controversy." We agree with the district court's assessment. That the Rhode Island Supreme Court considered this issue is clear

from the language of the opinion. As that court noted, "Westcott argues that the $1,000–per–day award to the city should have been 'passed through' to Crouse and that, therefore, the arbitrators' award is imperfect." *Westcott Construction Corp.*, 586 A.2d at 543. We fail to see how Westcott's state court claim differs from its federal one. Indeed, it seems clear that this issue was submitted to the arbitrators as well. Westcott itself, in its motion to the arbitrators for reconsideration and modification of their decision, admitted that "[t]he parties agreed at the initial hearing on September 5, 1986 that all matters between Cranston, Westcott, Crouse and the other subcontractors would be decided." As Firemen's notes, this statement demonstrates that the arbitrators were to consider Westcott's claim against Crouse.

■ Res Judicata bars Westcott's claim. *See Coates v. Coleman*, 72 R.I. 304, 51 A.2d 81, 85 (1947). "[A] state court judgment commands the same res judicata effects in federal court that it would have in the court that entered it." 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4469, at 659–60 (1981). In *Griffin v. State of R.I.*, 760 F.2d 359 (1st Cir.) (applying Rhode Island law), *cert. denied*, 474 U.S. 845, 106 S.Ct. 134, 88 L.Ed.2d 111 (1985), the First Circuit explained that res judicata operates as an absolute bar to the relitigation of the same cause of action between parties (or their privies) and that a prior judgment rendered on the merits is conclusive not only to the issues which were determined but as to all matters which might have been determined as well. *Id.* 760 F.2d at 360; *see also Corrado v. Providence Redevelopment Agency*, 113 R.I. 274, 320 A.2d 331, 332 (1974).

All the requirements for applying res judicata are met in this case. As in *Griffin*, the appellant "contends that the 'causes of action' in Rhode Island and federal courts differed, and thus argues that res judicata does not bar her federal court action." 760 F.2d at 360. And, as in *Griffin*, "[a]n analysis of the cause of action here and in the prior state proceedings clearly establishes that both are essentially the same." *Id.* at 361. The federal case involves the same subject matter

and the same parties as did the state case, and contests the same point: that the arbitrators did not consider Westcott's indemnity claim against Crouse.

 Firemen's, as surety, is only liable to the extent its principal, Crouse, is liable. *See Rhode Island Hosp. Trust Nat'l Bank v. Ohio Cas. Ins. Co.*, 789 F.2d 74, 77–79 (1st Cir.1986). Firemen's benefits just as Crouse does from the application of res judicata. *Id.* at 77. Thus, Firemen's, as surety for Crouse, is not legally bound to pay the $314,000 Westcott seeks.

This application of res judicata effects no injustice. None of the grounds justifying departure from the doctrine of res judicata are present in this case. *See* Restatement (Second) of Judgments § 20 (1982); 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* §§ 4435–4447 (1981) (earlier judgment entered without jurisdiction; improper venue; non-joinder or misjoinder of parties; prematurity; failure to satisfy condition precedent; and dismissal without prejudice).

 After examining the history of this litigation and Westcott's repeated presentation of the same issue, we find it appropriate to assess a monetary penalty of double costs against Westcott for a frivolous appeal. Fed. R.App.P. 38. Rule 38 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." As this Circuit stated in *Natasha, Inc. v. Evita Marine Charters, Inc.*, 763 F.2d 468, 471 (1st Cir.1985), "[a]n appeal is frivolous when the result is obvious, or the arguments are 'wholly without merit.'" *Id.* at 472 (quoting *NLRB v. Catalina Yachts*, 679 F.2d 180, 182 (9th Cir.1982) (citations omitted)). There are two reasons to assess a penalty for frivolous appeals. First, such suits must be deterred in order to ease the burden on the courts of appeals and, second, in order to protect against "strike suits" or appeals brought to delay paying damages. *See Natasha Inc.*, 763 F.2d at 471–72 (discussing policy reasons for imposition of penalties by the court); *cf. Bankers Trust Co. v. Publicker Indus., Inc.*, 641 F.2d 1361 (2d Cir.1981) (awarding double costs and up to $10,000 damages against client and counsel for frivolous appeal).

Westcott has engaged in repeated frivolous appeals, requiring Firemen's to litigate the same claim in different fora. Westcott's attempt to distinguish its state court claims from those brought in the federal courts has no merit as res judicata clearly foreclosed its claim. In light of this determination, we award double costs to Firemen's.

## CONCLUSION

We affirm the district court's grant of summary judgment to Firemen's on the grounds of res judicata and award double costs.