USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT No. 96-1384 CARL P. PIMENTEL, Plaintiff, Appellee, v. JACOBSEN FISHING COMPANY, INC., IN PERSONAM, ____________ AND THE F/V VALKYRIE, IN REM, ______ Defendants, Appellants.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Morris E. Lasker,* Senior U.S. District Judge] __________________________  ____________________ Before Selya, Cyr and Lynch, Circuit Judges. ______________  ____________________ Robert E. Collins, with whom Thomas E. Clinton and Clinton & __________________ __________________ _________ Muzyka, P.C. were on brief for appellants. ____________ Lawrence J. Mullen, with whom Timothy R. McHugh and Hoch & McHugh __________________ _________________ _____________ were on brief for appellee.  ____________________ December 23, 1996  ____________________  ____________________ *Of the Southern District of New York, sitting by designation. CYR, Circuit Judge. Appellants Jacobsen Fishing Co., CYR, Circuit Judge. ______________ Inc. and the Fishing Vessel Valkyrie (collectively: "Jacobsen") appeal from a district court judgment holding them liable in damages for severing a submerged cable carrying electrical power to a small island owned by plaintiff-appellee Carl Pimentel. As all claims raised on appeal were either unpreserved or patently meritless, we affirm the district court judgment and impose monetary sanctions against Jacobsen and its counsel as requested by appellee.  I I DISCUSSION DISCUSSION __________ First, Jacobsen has not approached the required demon- stration of clear error in its frontal attack on the findings of fact made by the trial judge. See Johnson v. Watts Regulator ___ _______ _______________ Co., 63 F.3d 1129, 1138 (1st Cir. 1995) ("[W]hen there are two ___ permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). In particular, Pimentel presented testimony by the Captain of the Valkyrie that the helmsman knew the location of the submerged cables. As a general rule, credibility determinations are rather well insulat- ed from appellate challenge. See Gamma Audio & Video, Inc. v. ___ ___________________________ Ean-Chea, 11 F.3d 1106, 1115 (1st Cir. 1993) (noting that "the ________ trial judge is in the best position to assess the credibility of witnesses"). So it is here.1   ____________________ 1Similarly, Jacobsen's assault on the trial judge's refusal to draw an adverse inference from an inadvertent destruction of evidence suggests neither clear error nor an abuse of discretion. 2 Second, having presented no evidence on compensatory __ damages, Jacobsen's contention that the award made by the trial judge was excessive utterly fails to establish error, let alone clear error. See Reilly v. United States, 863 F.2d 149, 166 (1st ___ ______ _____________ Cir. 1988) (noting that trial judge's factual findings, including its "determination of damages," are reviewed "only for clear error"). Furthermore, Jacobsen's remaining claims including its contention that the district court improperly reimbursed Pimentel for costs incurred for the services of an expert witness were not preserved below. See Poliquin v. Garden Way, Inc., ___ ________ _________________ 989 F.2d 527, 531 (1st Cir. 1993).  Accordingly, we limit further discussion to the vari- able interest rate calculation employed by the district court in awarding prejudgment interest. The district court awarded prejudgment interest at a variable rate, utilizing the average price of 52-week Treasury Bills for each year within the relevant prejudgment period. Recourse to a variable interest rate is neither unprecedented, see George's Radio & Television Co., Inc. ___ ______________________________________ v. Insurance Co. of N. Am., 536 F.Supp. 681, 685 (D.Md.), judg- ________________________ _____ ment amended, 549 F.Supp. 1014 (D.Md. 1982), nor unreasonable per ____ _______ ___ se, especially since the result normally will approximate an __ acceptable average for the prejudgment period, see Cement Div., ___ ____________ Nat'l Gypsum Co. v. City of Milwaukee, 31 F.3d 581, 587 (7th Cir. ________________ _________________ 1994), aff'd, 115 S. Ct. 2091 (1995); Ingersoll Milling Mach. Co. _____ ___________________________  ____________________ See Blinzler v. Marriott Int'l, Inc., 81 F.3d 1148, 1158 (1st ___ ________ _____________________ Cir. 1996). 3 v. M/V/ Bodena, 829 F.2d 293, 311 (2d Cir. 1987), cert. denied, ___________ _____ ______ 484 U.S. 1042 (1988); Bonsor S.A. DE C.V. v. Tug L.A. Barrios, ___________________ _________________ 796 F.2d 776, 786-87 (5th Cir. 1986). Indeed, we have suggested that utilization of a prime rate average would be reasonable. See City of Boston v. S.S. Texaco Texas, 773 F.2d 1396, 1401 (1st ___ ______________ _________________ Cir. 1985) (dicta). Moreover, Jacobsen managed no demonstration that the variable-rate prejudgment interest award in the instant case constituted an abuse of discretion. See Independent Bulk ___ ________________ Transp., Inc. v. The Vessel "Moriana Abaco", 676 F.2d 23, 25 (2d _____________ __________________________ Cir. 1982).  Lastly, we consider Pimentel's motion for sanctions. Federal Rule of Appellate Procedure 38 states: "If a court of appeals determines that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee." An appeal is frivolous "if the result is obvious or the arguments __ are 'wholly without merit.'" Cronin v. Town of Amesbury, 81 F.3d ______ ________________ 257, 261 (1st Cir. 1996) (emphasis added) (quoting Wescott _______ Constr. Corp. v. Fireman's Fund of N.J., 996 F.2d 14, 17 (1st ______________ _______________________ Cir. 1993)). This, unquestionably, is such a case. The claim that Jacobsen is not liable in damages directly challenged the trial judge's factual findings, thereby engaging one of the more formidable standards of review known to federal appellate practice. See Johnson, 63 F.3d at 1138. Then, ___ _______ relying on even shakier ground, Jacobsen mounted an appellate challenge to the size of the award without having presented any evidence on damages. Finally, the arguments Jacobsen raised for 4 the first time on appeal did not begin to suggest "plain error," see United States v. Olano, 507 U.S. 725, 734 (1993), as no ___ _____________ _____ "miscarriage of justice" obtained. See Poliquin 989 F.2d at 531. ___ ________ Thus, it was clear from the outset that Jacobsen's prospects of success on appeal were all but nonexistent, and that no "respon- sible litigant or lawyer should have gone forward with an appeal in these straitened circumstances." La Amiga del Pueblo, Inc. v. _________________________ Robles, 937 F.2d 689, 692 (1st Cir. 1991) (appellate attack on ______ jury verdict held frivolous given conflicting evidence and failure to preserve claims).  Although at first blush Jacobsen's brief suggests an appeal with some substance, the illusion dissolves upon cursory investigation. Its many citations to authorities supposedly on point frequently turn out to be readily distinguishable. Unfa- vorable First Circuit authority frequently is bypassed for somewhat less unfavorable authorities from other jurisdictions. The unhelpfulness of these litigation tactics exposed both Jacobsen and its counsel to sanctions.2 Commonwealth Elec. Co. ______________________ v. Woods Hole, Martha's Vineyard & Nantucket S.S. Auth., 754 F.2d ____________________________________________________  ____________________ 2Counsel continued to press these tactics in opposition to the motion for sanctions, notwithstanding a prior warning from Pimentel's counsel that a motion for sanctions would be forthcom- ing in the event of a frivolous appeal. Jacobsen's opposition to the motion for sanctions nonetheless indicated that though bad faith is not an essential element of frivolousness, it may be a necessary predicate for sanctions under Fed. R. App. P. 38, citing as authority a single case from another circuit. In so doing, counsel conveniently ignored longstanding First Circuit caselaw which holds, unequivocally, that Rule 38 sanctions may be imposed without a finding of bad faith. E.g., Applewood Land- ____ _______________ scape & Nursery Co. v. Hollingsworth, 884 F.2d 1502, 1508 (1st ____________________ _____________ Cir. 1989).  5 46, 49 (1st Cir. 1985) (imposing sanctions on counsel for submit- ting brief which "added a significant burden on appellee's counsel and the court"); see also Fed. R. App. P. 38; 28 U.S.C.  ___ ____ 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); Cronin, 81 F.3d at 261-62 (imposing sanctions under Fed. R. App. ______ P. 38 and 28 U.S.C. 1927 for frivolous appeal). II II CONCLUSION CONCLUSION __________ The district court judgment is affirmed. Double costs are assessed exclusively against Jacobsen; $8,406.00 in attorney fees to appellee's counsel are assessed directly and exclusively against appellant's counsel, the firm of Clinton & Muzyka, P.C., and Messrs. Clinton and Collins, jointly and severally. So ordered. __________ 6